IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**NORMA PHILLIPS**                                                   **PLAINTIFF**

**v.**                                                         **CASE NO.**  3:22-cv-223-TSL-RPM

**JACKSON PUBLIC SCHOOL DISTRICT**                     **DEFENDANT**
**(JURY TRIAL DEMANDED)**

## COMPLAINT

Plaintiff Norma Phillips worked as a certified teacher for Defendant Jackson Public School District (JPSD) for more than a decade. After being struck in the head by a student, Ms. Phillips began to suffer severe dizziness that continues to limit her life to this day. This dizziness was a disability, and Ms. Phillips asked JPSD for assistance. JPSD terminated Ms. Phillips one day after she requested accommodations for her disability and the very day that JPSD knew that Ms. Phillips would be providing FMLA documentation. Such disability discrimination and FMLA interference are not the good cause demanded by Mississippi law for terminating a certified teacher. For these reasons, COMES NOW THE PLAINTIFF and alleges as follows:

## JURISDICTION

1. Jurisdiction is proper in this court under 28 U.S.C. § 1331 because this claim arises under federal law.

## VENUE

2. Venue is proper in this court under 28 U.S.C. § 1391 because the Defendants and all work at issue were located in and around Hinds County, Mississippi.

## JURY DEMAND

3. Ms. Phillips respectfully demands a jury trial on all issues so triable.

1

## PARTIES

7. JPSD is a "school district" as that term is used in Miss. Code Ann. § 37-9-59.

8. JPSD receives federal financial assistance.

9. JPSD is subject to Section 504 of the Rehabilitation Act of 1973.[1]

10. JPSD has more than fifty employees within a seventy-five mile radius.

11. Ms. Phillips is an adult resident of Mississippi.

12. Ms. Phillips is a former "employee" of JPSD.

13. Ms. Phillips's employment with JPSD was protected against termination except for good cause pursuant to Miss. Code Ann. § 37-9-59.

## FACTS

14. Ms. Phillips is an educator licensed by the Mississippi Department of Education.

15. JPSD entered into a binding, Board-approved contract with Ms. Phillips for the 2021-2022 school year.

16. In this contract, JPSD explicitly, implicitly, and/or constructively promised to act in good faith, to abide by state and federal law, and to follow its own policies and procedures in all its dealings with Ms. Phillips under the contract. It also agreed she could only be terminated for good cause.

17. On or around January 28, 2022, a student struck Ms. Phillips in the head.

18. After this incident, Ms. Phillips began to suffer severe dizziness.

---

[1] No claim is presently being brought under the Americans with Disabilities Act or any other employment civil rights statute requiring exhaustion with the Equal Employment Opportunity Commission. Ms. Phillips has, however, filed a charge of discrimination with the Equal Employment Opportunity Commission, and this Complaint may be amended to add claims under the ADA after exhaustion. This matter was filed prior to exhaustion because state law teacher termination claims must be brought within 20 days.

19. This dizziness substantially limits Ms. Phillips's ability to, among other things, care for herself, perform manual tasks, walk, concentrate, think, and work.

20. This dizziness is a disability under the Rehab Act.

21. From Tuesday, February 8, 2022, to Friday, February 11, 2022, Ms. Phillips took approved sick leave due to her disability.

22. On Thursday, February 10, 2022, Ms. Phillips received a work restriction from Nurse Practitioner Joseph Tackett.

23. This restriction read: "If dizziness returns and/or persists, avoid driving or returning to work for risk of MVA."

24. On Monday, February 14, 2022, Ms. Phillips scanned this restriction to JPSD.

25. Around this time, JPSD learned of Ms. Phillips's disability.

26. Around this time, JPSD began to regard Ms. Phillips as disabled.

27. Ms. Phillips further informed JPSD that she could not report to work that day as her dizziness had persisted and worsened.

28. Specifically, Ms. Phillips communicated with Tawana Bumphis, the executive assistant to JPSD's general counsel.

29. By providing her restriction to JPSD and explaining that she had to be absent due to her disabilities, Ms. Phillips requested a reasonable accommodation of medical leave.

30. With this communication, Ms. Phillips also invoked her right to FMLA leave for her own serious health condition.

31. At this time, neither Ms. Bumphis nor any other employee of JPSD engaged Ms. Phillips in an interactive process following her request for accommodation.

32. At this time, neither Ms. Bumphis nor any other employee of JPSD notified Ms. Phillips of her rights under the FMLA.

33. Instead, Ms. Bumphis insisted that Ms. Phillips return to work that very day.

34. JPSD denied Ms. Phillips's request for the reasonable accommodation of medical leave.

35. From Tuesday, February 15, 2022, to Friday, February 18, 2022, Ms. Phillips notified JPSD that she could not come into work due to her sickness.

36. On Wednesday, February 16, 2022, Stephanie Wilson, Ms. Phillips's immediate supervisor, requested a doctor's excuse from Ms. Phillips.

37. At this time, Ms. Phillips's February 10 restriction was still in effect.

38. This restriction explained why Ms. Phillips was unable to return to work.

39. That same day, Ms. Phillips informed Ms. Wilson that Ms. Phillips was going to her doctor on Saturday, February 19, 2022.

40. Ms. Phillips informed Ms. Wilson that Ms. Phillips would provide an update after Ms. Phillips's appointment with her doctor.

41. On Thursday, February 17, 2022, Ms. Bumphis sent FMLA documentation to Ms. Phillips.

42. On Saturday, February 19, 2022, Ms. Phillips had her appointment with her doctor.

43. At this appointment, Ms. Phillips provided her doctor with her FMLA documentation.

44. On Monday, February 21, 2022, Ms. Phillips notified JPSD that she could not come into work due to her sickness.

45. That same day, Ms. Phillips informed Ms. Bumphis that she intended to submit her FMLA paperwork once Ms. Phillips's doctor had completed it.

46. With this communication, JPSD learned that Ms. Phillips intended to take FMLA leave.

47. On Tuesday, February 22, 2022, Ms. Phillips notified JPSD that she could not come into work due to her sickness.

48. In response to Ms. Phillips's notice, Ms. Wilson instructed Ms. Phillips to provide a doctor's statement that included an expected length of absence.

49. These were different instructions than Ms. Wilson had provided on February 16.

50. Ms. Phillips responded by telling Ms. Wilson that Ms. Phillips's doctor was completing Ms. Phillips's FMLA paperwork.

51. Ms. Phillips told Ms. Wilson that Ms. Phillips would provide her FMLA paperwork once her doctor had completed it.

52. This FMLA paperwork would have included an expected length of absence.

53. Based on the instructions that JPSD had provided, Ms. Phillips believed that this FMLA paperwork was all that JPSD needed from her.

54. With this communication, Ms. Wilson learned that Ms. Phillips intended to take FMLA leave.

55. In this same communication, Ms. Phillips asked Ms. Wilson how JPSD would accommodate Ms. Phillips if she returned to work.

56. With this communication, Ms. Phillips made what was at least her second request for reasonable accommodations.

57. Later that day, JPSD, through Ms. Wilson, issued Ms. Phillips a reprimand.

58. But for Ms. Phillips's disability, JPSD would not have issued Ms. Phillips this reprimand.

59. But for JPSD's regard of Ms. Phillips as disabled, JPSD would not have issued Ms.

Phillips this reprimand.

60. But for Ms. Phillips's requests for reasonable accommodations, JPSD would not have issued Ms. Phillips this reprimand.

61. But for Ms. Phillips's stated intent to take FMLA leave, JPSD would not have issued Ms. Phillips this reprimand.

62. On Wednesday, February 23, 2022, Ms. Phillips wrote to JPSD administration concerning her reprimand and her medical situation.

63. Ms. Phillips wrote this email to Ms. Wilson, assistant superintendent Kathleen Grigsby, executive director of human resources Saundra Lyons, and general counsel and risk manager Larissa Moore.

64. In this email, Ms. Phillips again provided the work restriction she had provided on February 14.

65. In this email, Ms. Phillips again stated her intent to take FMLA leave.

66. With this email, Ms. Phillips again requested the reasonable accommodation of medical leave.

67. This was at least Ms. Phillips's third request for accommodation for her disability.

68. In another email to Ms. Wilson, Ms. Grigsby, Ms. Lyons, and Ms. Moore later that day, Ms. Phillips informed JPSD that her doctor would be working on her FMLA documentation on Thursday, February 24, 2022.

69. With this email, Ms. Phillips informed JPSD that she would be requesting FMLA leave on or around February 24, 2022.

70. In this email, Ms. Phillips also asked for a number of accommodations for her disabilities

including transportation to and from work, a wheelchair, ramps, and an assistant.

71. This was at least Ms. Phillips's fourth request for accommodation for her disabilities.

72. Ms. Moore responded to Ms. Phillips's email at 12:37 pm that same day.

73. In this email, Ms. Moore informed Ms. Phillips that FMLA documentation would not satisfy JPSD's alleged need for further medical documentation.

74. This was the first time that any employee of JPSD had explained this distinction to Ms. Phillips.

75. In this email, Ms. Moore told Ms. Phillips that she had until 2:00 pm that day to obtain and produce further medical documentation.

76. That is, Ms. Moore gave Ms. Phillips one hour and twenty-three minutes to obtain and produce further medical documentation.

77. Ms. Phillips asked Ms. Moore to give Ms. Phillips one more day, until February 24, 2022, to obtain and produce this further medical documentation.

78. Ms. Moore refused to allow Ms. Phillips this one-day extension.

79. Ms. Phillips was not able to obtain and produce further medical documentation in the one hour and twenty-three minutes that JPSD had allowed.

80. On February 24, 2022, JPSD, through Ms. Wilson, terminated Ms. Phillips's employment.

81. That same day, Ms. Phillips's primary care provider faxed JPSD Ms. Phillips's FMLA paperwork.

82. JPSD stated that it terminated Ms. Phillips for "neglect and abandonment of her job duties."

83. Ms. Phillips did not neglect or abandon her job duties.

84. At all times, Ms. Phillips maintained communication with JPSD about her medical situation and ability to work.

85. At all times, Ms. Phillips endeavored in good faith to comply with JPSD policy.

86. The reasons stated for JPSD's termination of Ms. Phillips are pretextual.

87. JPSD's termination of Ms. Phillips was motivated by Ms. Phillips's disability, JPSD's regard of Ms. Phillips as disabled, and/or Ms. Phillips's protected activity.

88. But for Ms. Phillips's disability, JPSD would not have terminated Ms. Phillips.

89. But for JPSD's regard of Ms. Phillips as disabled, JPSD would not have terminated Ms. Phillips.

90. But for Ms. Phillips's requests for reasonable accommodations, JPSD would not have terminated Ms. Phillips.

91. But for Ms. Phillips's stated intent to take FMLA leave, JPSD would not have terminated Ms. Phillips.

92. JPSD's termination of Ms. Phillips was not for good cause.

93. JPSD's termination of Ms. Phillips was unsupported by evidence.

94. JPSD's termination of Ms. Phillips was arbitrary and capricious.

## CAUSES OF ACTION

### COUNT I: INTERFERENCE/RETALIATION UNDER THE FMLA

95. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

96. Under the FMLA, it is unlawful for an employer to interfere with or retaliate because of an employee's attempts to exercise their rights under the FMLA.

97. Here, Ms. Phillips informed JPSD over her intent to take leave under the FMLA.

98. Here, JPSD prevented Ms. Phillips from taking FMLA leave.

99. Here, JPSD terminated Ms. Phillips so that she would be unable to take FMLA leave.

100. Through these actions, JPSD interfered with/retaliated against Ms. Phillips's exercise of her rights under the FMLA.

101. This violated the FMLA.

102. In doing so, JPSD harmed Ms. Phillips.

## COUNT II: DISABILITY DISCRIMINATION UNDER THE REHAB ACT

103. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

104. Under the Rehab Act, it is unlawful for a recipient of federal financial assistance to take an adverse employment action against a qualified individual because of that individual's disability.

105. Here, Ms. Phillips was a qualified individual.

106. Here, Ms. Phillips has disabilities.

107. Here, JPSD terminated Ms. Phillips because of her disabilities.

108. Through this discrimination, JPSD violated the Rehab Act.

109. In doing so, JPSD harmed Ms. Phillips.

## COUNT III: REGARDED-AS DISCRIMINATION UNDER THE REHAB ACT

110. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

111. Under the Rehab Act, it is unlawful for a recipient of federal financial assistance to take an adverse employment action against a qualified individual because the recipient regards the individual as disabled.

112. Here, Ms. Phillips was a qualified individual.

113. Here, JPSD regarded Ms. Phillips as disabled..

114. Here, JPSD terminated Ms. Phillips because JPSD regarded Ms. Phillips as disabled..

115. Through this discrimination, JPSD violated the Rehab Act.

116. In doing so, JPSD harmed Ms. Phillips.

COUNT IV: FAILURE TO ACCOMMODATE UNDER THE REHAB ACT

117. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

118. Under the Rehab Act, a recipient of federal financial assistance has the duty to make reasonable accommodations for the known disability of an employee.

119. Here, Ms. Phillips has disabilities.

120. Here, Ms. Phillips repeatedly requested reasonable accommodations for her disabilities.

121. Here, JPSD repeatedly failed to grant Ms. Phillips any kind of reasonable accommodation.

122. Here, JPSD failed to engage Ms. Phillips in an interactive process to determine if there was a reasonable accommodation that would help Ms. Phillips do her job.

123. Through these failures, JPSD violated the Rehab Act.

124. In doing so, JPSD harmed Ms. Phillips.

COUNT V: RETALIATION UNDER THE REHAB ACT

125. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

126. Under the Rehab Act, it is unlawful for a recipient of federal financial assistance to take an adverse employment action against an individual because of the individual's

protected activity.

127. Under the Rehab Act, protected activity includes requesting reasonable accommodations.

128. Here, Ms. Phillips requested reasonable accommodations.

129. Here, JPSD terminated Ms. Phillips because she requested reasonable accommodations.

130. Through this retaliation, JPSD violated the Rehab Act.

131. In doing so, JPSD harmed Ms. Phillips.

## COUNT VI:  UNLAWFUL TERMINATION

132. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

133. Plaintiff brings this action for court review of the Board's decision pursuant to Miss. Code Ann. § 37-9-59, which incorporates § 37-9-113 by reference.

134. JPSD's decision to terminate Ms. Phillips was not supported by any substantial evidence.

135. JPSD's decision to terminate Ms. Phillips was arbitrary or capricious.

136. JPSD's decision to terminate Ms. Phillips was in violation of Ms. Phillips's statutory rights under the FMLA and the Rehab Act.

137. JPSD terminated Ms. Phillips without good cause.

138. In these ways, JPSD's termination of Ms. Phillips violated Miss. Code Ann. § 37-9-59.

## COUNT VII: BREACH OF CONTRACT

139. Plaintiff incorporates all other paragraphs of this complaint as if fully set forth herein.

140. JPSD entered into a binding, Board-approved contract with Ms. Phillips for the 2021-2022 school year.

141. In this contract, JPSD explicitly, implicitly, and/or constructively promised to act in good faith, to abide by state and federal law, and to follow its own policies and procedures in all its dealings with Ms. Phillips under the contract.

142. By its actions alleged above, JPSD breached the contract as follows:

   a. It acted in bad faith in violation of the implied covenant of good faith and fair dealing;

   b. It violated the FMLA;

   c. It violated the Rehab Act and/or ADA; and,

   d. It violated Miss. Code Ann. § 37-9-59.

143. Through these breaches, JPSD harmed Ms. Phillips.

## REMEDIES

144. Plaintiff seeks all remedies available, including but not limited to the following:

   a. Back pay;

   b. Reinstatement and/or front pay, as appropriate;

   c. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from Defendants' unlawful actions;

   d. Liquidated damages;

   e. Consequential damages and any other pecuniary harms flowing from Defendants' unlawful actions;

   f. Nominal damages if actual damages are unavailable or unproven for any reason;

g. Punitive damages commensurate with the misconduct and necessary to deter future violations of the law;

h. Pre- and post-judgment interest;

i. Attorney fees;

j. Costs;

k. An injunction curing Defendants' unlawful actions and prohibiting any future similar actions;

l. Notice given to all employees regarding the violations found by this Court, and notifying such employees of the order entered proscribing any future similar violations;

m. Any other equitable relief as this honorable Court deems appropriate.

n. A final judgment declaring that Defendants' treatment of Plaintiff was unlawful; and/or,

o. Any other relief available under any applicable principle of law or equity.

Respectfully submitted on April 25, 2022,

                                              NORMA PHILLIPS,
                                              Plaintiff

By:                                          */s/ Joel Dillard*
                                              Joel F. Dillard (MSB No. 104202)
                                              Jay Kucia (MSB No. 106213)
                                              *Counsel for Plaintiff*

OF COUNSEL:

JOEL F. DILLARD, P.A.
775 N. Congress St.
Jackson, MS 39202
Telephone: 601-509-1372 (Ext. 2, Joel) (Ext. 1, Jay)
Facsimile: 601-509-1372
Emails: joel@joeldillard.com (Joel)
jay@joeldillard.com (Jay)